UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOE FOSTER, Sr., | No. 2:19-cv-2162-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| ELLIOT, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. On October 25, 2019, he filed a complaint, but did not pay the filing fee or file an application to proceed in forma pauperis. On October 30, 2019, the court informed plaintiff that, in order to proceed, he would be required to account for the filing fee within thirty days. ECF No. 5. Plaintiff failed to comply with that order within the deadline and, on December 5, 2019, the court recommended that this action be dismissed on that basis. ECF No. 8. Four days later, on December 9, 2019, plaintiff submitted an application to proceed in forma pauperis. ECF No. 9. Accordingly, the findings and recommendations are vacated.

Application to Proceed In Forma Pauperis

    The court has reviewed plaintiff's application and finds that it makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

<u>Screening</u>

I.  <u>Legal Standards</u>

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.  <u>Analysis</u>

Plaintiff's first amended complaint (ECF No. 3) alleges that, on April 12, 2019 and while incarcerated in the Sacramento County Jail 'booking/intake' holding tank, a group of sheriff's deputies roused him from sleep and subjected him to excessive force. ECF No. 3 at 3.

1   Specifically, plaintiff alleges that the deputies – whose numbers and names are not specified –
2   threw him to the floor, jumped on his body, and tased him twice. *Id.* While these allegations,
3   taken as true, are sufficient to state a claim against any of the deputies allegedly involved, the
4   court cannot serve this complaint without identification of at least one defendant. In the caption
5   of the complaint, plaintiff names three deputies – Elliot, Smith, and Gutierrez. *Id.* at 1. He does
6   not, however, allege what role (if any) each played in the foregoing incident of excessive force.
7   The obvious inference is that these individuals were part of the group of deputies that used
8   excessive force against plaintiff. The court declines, however, to read allegations into the
9   complaint that plaintiff has not made explicit. Instead, it will require plaintiff to explicitly and
10  specifically describe what misconduct each of these defendants is alleged to have undertaken.
11  Plaintiff is cautioned that Rule 8 of the Federal Rules of Civil Procedure requires a "short and
12  plain statement of the claim" demonstrating that the plaintiff is entitled to relief and fair notice to
13  each defendant of the claims against her or him. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
14  554-55 (2007). It is insufficient, as plaintiff's complaint does, to name various defendants
15  vaguely or implicitly associate them with wrongdoing that is not specified.

16       III.     Leave to Amend

17       Plaintiff will be given leave to amend to address the foregoing deficiencies. He is
18  cautioned that any amended complaint must identify as a defendant only persons who personally
19  participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*,
20  588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional
21  right if he does an act, participates in another's act or omits to perform an act he is legally
22  required to do that causes the alleged deprivation).

23       The amended complaint must also contain a caption including the names of all defendants.
24  Fed. R. Civ. P. 10(a).

25       Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*
26  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

27       Any amended complaint must be written or typed so that it so that it is complete in itself
28  without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended

3

complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. The findings and recommendations filed on December 5, 2019 (ECF No. 8) are vacated;

2. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted;

3. Plaintiff's first amended complaint (ECF No. 3) is dismissed with leave to amend within 30 days from the date of service of this order; and

4. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: April 22, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4