UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOE FOSTER, Sr., | No. 2:19-cv-2162-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| ELLIOT, et al., | |
| Defendants. | |

Plaintiff is incarcerated in the Sacramento County Main Jail. He proceeds without counsel in this action brought under 42 U.S.C. § 1983. On April 22, 2020, the court screened plaintiff's first amended complaint under 28 U.S.C. § 1915A and found that he had not alleged which of the named defendants violated his rights. ECF No. 12 at 3. The court granted plaintiff leave to file a second amended complaint, which is now before the court for screening.

**I.  Screening Requirement**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

**II.     Screening Order**

Plaintiff alleges that multiple Sacramento County Sheriff's deputies subjected him to unconstitutional force on April 12, 2019 by slamming him to the floor, jumping on him, and tasering him twice for long periods of time in which he could not breath.  ECF No. 14 at 3.  He alleges that the Sacramento County Sheriff's Department is refusing to provide him with audio or video of the incident, so he cannot identify all of the personnel involved in the attack.  *Id.* at 4.  Defendants Russell and Burnsed (both training officers at the Jail), however, have admitted to tasering plaintiff.  *Id.*

Plaintiff also alleges that the Sheriff's Department has not produced "a write up or any form of documentation" about the incident "or any disciplinary action taken in response to it and that he was "denied [his] due process to challenge, appeal, or grieve" the incident.  *Id.*

For the purposes of § 1915A only, plaintiff has stated potentially cognizable claims against defendants Russell and Burnsed for subjecting him to excessive force.  *Castro v. City of L.A.*, 833 F.3d 1060, 1084-85 (9th Cir. 2016); *Hudson v. McMillian*, 503 U.S. 1, 7 (1992).  Accordingly, service is appropriate for defendants Russell and Burnsed.  Once defendants have appeared, plaintiff may use the discovery process provided by the Federal Rules of Civil Procedure to obtain evidence regarding the incident, including the identities of the other officers involved.

Plaintiff's claim regarding the lack of documentation about the incident and denial of a grievance fails, as plaintiff has not identified any entitlement to such process under the Due Process Clause.  The U.S. Court of Appeals for the Ninth Circuit has held that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  The court will grant plaintiff an opportunity to file a third amended complaint to attempt to state a viable procedural due process claim.

If plaintiff elects to file a third amended complaint, that pleading must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in

2

another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

### III. Order

For the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint states, for screening purposes, potentially cognizable excessive force claims against defendants Burnsed and Russell.
2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
3. Within thirty days, plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file a third amended complaint. If the former option is selected and returned, the court will enter an order directing service on defendants Burnsed and Russell at that time; and
4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: July 31, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOE FOSTER, Sr., <br><br> Plaintiff, <br><br> v. <br><br> ELLIOT, et al., <br><br> Defendants. | No. 2:19-cv-02162-KJM-EFB <br><br> NOTICE OF INTENT TO PROCEED OR AMEND |

    In accordance with the court's Screening Order, plaintiff hereby elects to:

    (1) _____  proceed only with his excessive force claims against defendants Russell and Burnsed (and any other defendants that may be identified by further discovery);

OR

    (2) _____  delay serving any defendant and file a third amended complaint.

    _____

    Plaintiff

Dated:

4