UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOE FOSTER, SR.,<br><br>        Plaintiff,<br><br>   v.<br><br>RUSSELL, *et al.*,<br><br>        Defendants. | Case No. 2:19-cv-02162-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND DENYING DEFENDANTS' MOTION TO COMPEL AND MOTION FOR TERMINATING SANCTIONS<br><br>ECF No. 29, 30, 32 |

    Three motion are currently pending in the case, two of which are the result of the parties' failure to comply with the court's rules and the Federal Rules of Civil Procedure. On February 19, 2021, plaintiff, a prisoner proceeding without counsel, filed a motion for appointment of counsel and for an extension of time to respond to defendants' discovery requests.[1] ECF No. 29. Plaintiff explains that he needs additional time and assistance from counsel because he is having difficulty answering interrogatories and gathering information. *Id*.

    Notwithstanding Local Rule 230(l), defendants failed to file an opposition or statement of non-opposition to plaintiff's motion. Instead, on March 5, 2021, they filed a motion to compel plaintiff to respond to their interrogatories and requests for production of documents. ECF No. 30. After plaintiff failed to respond to defendants' motion in the time prescribed by the court's

---

[1] Plaintiff's motion is styled as a request for "longer time to be stipulated by order of court," but the relief plaintiff seeks can be easily discerned from the motion. *See* ECF No. 29.

rules, defendants moved for terminating sanctions. ECF No. 32.

The court's rules require that prior to filing a discovery motion, the parties confer in an attempt to resolve their dispute. E.D. Cal. L.R. 251(b). The Federal Rules of Civil Procedure include the same requirement and explicitly require that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Defendants' motion to compel does not include the meet and confer certification mandated by Rule 37(a)(1), and it does not demonstrate that defendants attempted to resolve the dispute prior to filing the motion. Consequently, defendants' motion to compel and motion for terminating sanctions—the latter of which is based on plaintiff's alleged discovery violations—must be denied.

The motion for terminating sanctions, which is brought pursuant to Rule 37(b)(2), fails for another reason as well. Sanctions under that rule, including dismissal of the action, are only available for violations of "an order to provide or permit discovery."[2] Fed. R. Civ. 37(b)(2)(A). The court has not issued an order requiring plaintiff to provide responses to any of defendants' discovery requests. Rather, plaintiff simply failed to respond to defendants' discovery requests in the time set forth in Rules 33 and 34. Thus, sanctions under Rule 37(b)(2) are not currently available to defendants.

The court will grant plaintiff additional time to respond to defendants' outstanding discovery requests. Should plaintiff again fail to timely serve responses, defendants may seek to compel his responses, but only after first attempting to resolve any issues without court intervention.

Plaintiff's motion for appointment of counsel will also be denied. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.

---

[2] Interestingly, defendants' motion recites the language in Rule 37 establishing the court order requirement.

*See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motion to appoint counsel is denied without prejudice.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for an extension of time, ECF No. 29, is granted.

2. Plaintiff is granted until June 17, 2021 to serve his responses to defendants' interrogatories and requests for production of documents.

3. The discovery and scheduling order is modified as follows:

    a. the deadline for completion of discovery, including the filing of any motions to compel discovery, is extended to June 30, 2021; and

    b. the deadline to file dispositive motions is extended to October 1, 2021.

4. Plaintiff's motion for appointment of counsel, ECF No. 29, is denied.

5. Defendants' motion to compel, ECF No. 30, is denied.

6. Defendants' motion for terminating sanctions, ECF No. 32, is denied.

IT IS SO ORDERED.

Dated:   May 17, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3