1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL JOE FOSTER, SR.,                    Case No.  2:19-cv-02162-JDP (PC)

12              Plaintiff,                         ORDER GRANTING IN PART PLAINTIFF'S
                                                   MOTION TO COMPEL AND TO MODIFY
13         v.                                      THE DECEMBER 8, 2020 SCHEDULING
                                                   ORDER
14    RUSSELL, *et al.*,
                                                   ECF No. 34
15              Defendants.

16

17         Plaintiff M. Foster is a state prisoner proceeding without counsel in an action brought

18   under 42 U.S.C. § 1983.  He has filed a motion to compel responses to several discovery requests.

19   ECF No. 34.  He also asks that the court modify the scheduling order to extend the deadline for

20   completion of discovery.  Defendants B. Russell and D. Burnsed have filed an opposition,

21   arguing first that plaintiff seeks discovery that he never requested from defendants; and second

22   that where requests were served, plaintiff failed to meet and confer with defendants before filing

23   his motion.  ECF No. 36.  Plaintiff has not filed a reply, and the time to do so has passed.  For the

24   reasons stated below, I grant his motion in part.

25         On December 8, 2020, I issued a scheduling order requiring that all discovery, including

26   the filing of any motions to compel, be completed by May 21, 2021.  ECF No. 26 at 4.  That order

27   also required requests for discovery to be served by March 12, 2021.  *Id.*  On February 19, 2019,

28

plaintiff filed a motion for appointment of counsel and for an extension of time, explaining that he was having difficulty responding to defendants' discovery requests.  ECF No. 29.  I granted plaintiff until June 17, 2021 to serve responses to defendants' outstanding discovery requests and extended the deadline for completion of discovery, including for filing any motions to compel, to June 30, 2021.  ECF No. 33 at 3.

Plaintiff filed the instant motion to compel on June 29, 2021, seeking: (1) production of any and all video footage of the incident; (2) oral depositions of defendants Russel and Burnsed; (3) oral depositions of seven deputies and one sergeant alleged to have witnessed the incident; (4) production of "'private' or 'public' backgrounds of each [Sacramento County] Sheriff Deputy involved"; (5) "an order allowing forensic inspection of computer drives"; and (6) issuance of trial subpoenas for eight witnesses.  ECF No. 34.  Plaintiff also seeks modification of the scheduling order to permit additional discovery and potential amendment of the complaint.  *Id.* at 3.

### Legal Standards

Federal Rules of Civil Procedure 26 through 37 are designed to facilitate the process of discovery without judicial intervention.  *See generally* Fed. R. Civ. P. 26-37.  Parties may depose another party, orally or by written questions, without leave from the court.  *See* Fed. R. Civ. P. 30(a)(1), 31(a)(1).  The party seeking to conduct a deposition is required to provide "reasonable written notice" to the deponent, Fed. R. Civ. P. 30(b)(1); or, in the case of a deposition by written questions, to serve every other party with all questions, Fed. R. Civ. P. 31(3).  To obtain documents or electronically stored information, or to conduct an inspection of physical evidence, Rule 34 requires a party to serve a request to the opposing party that describes "with reasonable particularity the item or category of items to be inspected."  Fed. R. Civ. P. 34(b)(1)(A).

If a party follows these procedures and is not provided with the requested discovery, Rule 37 allows that party to file a motion to compel, but only after "confer[ing] or attempt[ing] to confer with the person or party . . . in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  "[T]he party moving to compel bears the burden of demonstrating why [defendants'] objections are not justified."  *Anderson v. Hansen*, No. 1:09-CV-01924-LJO-MJS (PC), 2013 WL

1   428737, at *1 (E.D. Cal. Feb. 1, 2013).  Although pro se litigants in civil rights cases are not held

2   to the same standard as parties with counsel, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th

3   Cir. 2013), a plaintiff must at a minimum "inform[] the court of which discovery requests are the

4   subject of his motion to compel," *Waterbury v. Scribner*, No. 1:05-CV-0764-OWW-DLB (PC),

5   2008 WL 2018432 at *1 (E.D. Cal. May 8, 2008); *see also* Eastern District Local Rule 251(d)

6   ("Each specific interrogatory, deposition question or other item objected to . . . shall be

7   reproduced in full.").

8                                    **Discussion**

9          As an initial matter, defendants argue that plaintiff's motion should be denied on the

10  grounds that, even where plaintiff served valid requests for production, he did not satisfy Rule

11  37's requirement to meet and confer with defense counsel before filing a motion to compel.  *See*

12  ECF No. 36 at 5.  Plaintiff claims that he attempted to meet and confer, ECF No. 34 at 1, but

13  provides no specifics about his attempt.  Nevertheless, the court is vested with broad discretion to

14  manage discovery in the interests of justice.  *See Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th

15  Cir. 2012).  Where, as here, there is no indication of bad faith, the court may relieve pro se

16  prisoner litigants of the requirement to meet and confer prior to involving the court in a discovery

17  dispute.  *See, e.g.*, *Anderson*, 2013 WL 428737, at *1 (relieving pro se "state prisoner challenging

18  his conditions of confinement . . . [of] the need to meet and confer in good faith prior to involving

19  the Court in a discovery dispute").  Accordingly, I will proceed to the merits of the dispute.

20         **A.  Motion to Compel Video**

21         Plaintiff served a timely request for production of video footage of the incident that—

22  defendants appear to concede—is both relevant and in their possession.  *See* ECF No. 36 at 4-5.

23  In their response to plaintiff's request for production, defendants stated that they were "agreeable

24  to production of the videos," but objected to plaintiff's request that the footage be produced in a

25  "'prisoner friendly' format [(]hard copy papers[)]."  *Id.* at 5.  In their opposition to plaintiff's

26  motion to compel, defendants reiterate that position: they are agreeable to producing the videos

27  but unable to "reduce[ them] to a paper format."  *Id.*

28         Rule 34 allows parties to request that electronically stored information be "translated" into

3

a form that is "reasonably usable," Fed. R. Civ. P. 34(a)(1)(A), but "a party cannot be compelled to create . . . documents solely for their production," *Paramount Pictures Corp. v. Replay TV*, No. CV 01-9358 FMC (Ex), 2002 WL 332151632, at *2 (C.D. Cal. May 30, 2002). A party objecting to a requested format must "state the form it intends to use," Fed. R. Civ. P. 34(b)(2)(D), and, in keeping with the overriding mandate of good faith, exercise due diligence to provide the materials in a "reasonably usable" format. Accordingly, defendants' sweeping objection to "produc[ing] said materials in a 'prisoner friendly' format," *id.* at 5, is inadequate. I will grant plaintiff's motion as to his request to compel the production of the video footage of the incident. Defendant shall produce any such footage in a reasonably usable format within fourteen days of the date of this order.[1]

Given that the videos might be relevant to defendants' pending motion for summary judgment, ECF No. 40, which is fully briefed, *see* ECF Nos. 42 & 43, I will defer ruling on that motion. Instead, I will grant plaintiff forty-five days from the date of this order to review the videos and, if appropriate, to file a supplemental opposition.[2] If no such filing is made, the motion for summary judgment will stand submitted for decision.

### B. Motion to Compel Other Discovery

Plaintiff also seeks to compel oral depositions of defendants and witnesses, production of "backgrounds" of all deputies involved, and the forensic inspection of computer drives. ECF No. 34. Defendants argue that plaintiff's motion should be denied because he never sought these items directly from defendants prior to involving the court. ECF No. 36 at 5-7. Defendants' counsel attests, in a sworn declaration, that plaintiff "never served upon any defendants any

---

[1] "Reasonably usable" means, in this context, that plaintiff must be afforded both a meaningful opportunity to review the videos and a means of filing the footage with the court if he intends to rely on it in subsequent proceedings. Prison litigation coordinators have proven effective at facilitating similar requests. *See, e.g.*, *Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB (PC), 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (instructing the defendants to coordinate the inspection of surveillance footage with the "litigation coordinator at Plaintiff's prison").

[2] Plaintiff is advised that if he would like the court to consider the video in adjudicating defendants' motion for summary judgment, he must submit a copy of the video with his supplemental opposition.

1    notices of deposition" and has not "contacte[ed defendants' attorney] to discuss . . . oral

2    depositions of the two defendants and eight witnesses."  ECF No. 36-1 at 2.  Defendants' counsel

3    also attests that plaintiff has not issued a request for production, sought a subpoena, or contacted

4    defendants' counsel regarding either the backgrounds of the deputies involved or the request to

5    inspect computer drives.  *Id*. at 2-3.

6        For his part, other than the conclusory statement that he attempted to meet and confer with

7    defense counsel, ECF No. 34 at 1, plaintiff does not reference any notices of deposition or

8    requests for production, much less provide the court with evidence of these efforts.  In the

9    absence of any such evidence, I am obliged to accept defendants' submissions that plaintiff's

10   requests are procedurally deficient.  Accordingly, plaintiff's motion is denied as to his request to

11   compel depositions and the production of the deputies' background information, and as to his

12   request to conduct a forensic inspection of computer drives.

13       Plaintiff also asks the court to issue trial subpoenas.  *Id*. at 2.  That request is premature

14   before the resolution of discovery and of any pretrial motions, and so is denied.

15       **C.  Motion to Modify the Scheduling Order**

16       Plaintiff requests an extension of time to complete discovery with "leave to amend and

17   name more defendants and more violations as evidence develops."  *Id*. at 3.  This request is

18   construed as a motion to modify the scheduling order.  Under the initial scheduling order, all

19   discovery was to be completed, and any motion to amend the complaint filed, by May 21, 2021.

20   ECF No. 26.  That deadline was extended to June 30, 2021.  ECF No. 33.  A court's scheduling

21   order "may be modified only for good cause and with the judge's consent."  Fed R. Civ. P.

22   16(b)(4).  In determining whether good cause exists, courts primarily consider the moving party's

23   diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).  Plaintiff

24   has neither offered a basis for modifying the scheduling order nor shown that he was unable to

25   comply with the scheduling order's deadlines despite reasonable diligence.  Accordingly,

26   plaintiff's motion to modify the scheduling order is denied.

27       Accordingly, it is hereby ORDERED that:

28       1.  Plaintiff's motion to compel and to modify the scheduling order, ECF No. 34, is

1    granted in part and denied in part as follows:

2              a.  the motion is granted as to plaintiff's request to compel the production of video

3    footage of the incident;

4              b.  within fourteen days of the date of this order, defendants shall produce any such

5    footage in a reasonably usable format; and

6              c.  the motion is denied in all other respects.

7        2.  The court defers ruling on defendants' motion for summary judgment.

8        3.  Plaintiff is granted forty-five days from the date of this order to review the video and,

9    if appropriate, to file a supplemental opposition.

10       4.  Within fourteen days thereafter, defendants may file a response to plaintiff's

11   supplemental opposition, if any.

12

13   IT IS SO ORDERED.

14

15   Dated:    December 17, 2021

16                                          JEREMY D. PETERSON
                                           UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28