1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MICHAEL JOE FOSTER, SR.,                   Case No.  2:19-cv-02162-JDP (PC)

12                 Plaintiff,                     ORDER GRANTING DEFENDANTS'
                                                  MOTION FOR SUMMARY JUDGMENT
13          v.                                    AND DENYING PLAINTIFF'S MOTION TO
                                                  COMPEL
14    RUSSELL, *et al.*,
                                                  ECF No. 40 & 45
15                 Defendants.

16

17          Plaintiff Michael Foster Sr. is a state prisoner proceeding without counsel in this civil

18    rights action brought under 42 U.S.C. § 1983.  He alleges that, during his confinement in

19    Sacramento County Jail, defendants—Sacramento County Sheriff's deputies—subjected him to

20    unconstitutional force by slamming him to the floor, jumping on him, and repeatedly tasing him

21    without cause.  ECF No. 14 at 3.

22          Defendants have filed a motion for summary judgment, arguing that plaintiff failed to

23    exhaust his administrative remedies before filing this suit.  ECF No. 40.  Plaintiff concedes that

24    he did not file a grievance but argues that he lacked available administrative remedies both

25    because he feared retaliation and because he never received documentation of the incident.  The

26    court finds that plaintiff has not met his burden to show that the jail's administrative remedies

27    were unavailable to him.  Accordingly, defendants' motion for summary judgment is granted.

28

                                                  1

1    Plaintiff also filed a motion to compel defendants' compliance with the courts' earlier

2    order compelling the production of surveillance videos.  ECF No. 45.  Defendants claim that they

3    complied with the court's order, and plaintiff appears to have filed the video along with his

4    supplemental opposition.  ECF No. 47.[1]  Accordingly, plaintiff's motion to compel is denied as

5    moot.

6                                            **Legal Standards**

7        **A.      Summary Judgment**

8        A motion for summary judgment will be granted only when "the pleadings, depositions,

9    answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

10   there is no genuine issue as to any material fact and that the moving party is entitled to a

11   judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see* Fed. R.

12   Civ. P. 56.  The moving party bears the burden of establishing that there is no genuine issue of

13   material fact.  *See Celotex*, 477 U.S. at 322-23.  If the moving party meets that burden by

14   "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed.

15   R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts

16   showing that such contradiction is possible."  *British Airways Bd. v. Boeing Co.*, 585 F.2d 946,

17   950-52 (9th Cir. 1978).

18       Each party's position must be supported by (1) citations to particular portions of materials

19   in the record, including but not limited to depositions, documents, declarations, or discovery; or

20   (2) argument showing that the materials cited do not establish the presence or absence of a

21   genuine factual dispute or that the opposing party cannot produce admissible evidence to support

22   its position.  *See* Fed. R. Civ. P. 56(c)(1).  The court can consider other materials in the record not

23   cited by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San*

24   *Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo*

25   *Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

26

27

     [1] Plaintiff is notified that the court will grant his request to return a copy of these exhibits

28   to his possession.

                                                        2

1    The court must apply standards consistent with Rule 56 to determine whether the moving

2    party has demonstrated there to be no genuine issue of material fact and that judgment is

3    appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

4    "[A] court ruling on a motion for summary judgment may not engage in credibility

5    determinations or the weighing of evidence."  *Manley v. Rowley,* 847 F.3d 705, 711 (9th Cir.

6    2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the

7    nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

8    *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

9    198 F.3d 1130, 1134 (9th Cir. 2000).

10           **B.      PLRA Exhaustion**

11       Under the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought

12   with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

13   prisoner confined in any jail, prison, or other correctional facility until such administrative

14   remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This statutory exhaustion

15   requirement "applies to all inmate suits about prison life," *Porter v. Nussle*, 534 U.S. 516, 532

16   (2002), regardless of the relief sought by the prisoner or the relief offered by the process, *Booth v.*

17   *Churner*, 532 U.S. 731, 741 (2001).

18           To satisfy the PLRA's exhaustion requirement, a plaintiff's administrative appeals must

19   "provide enough information . . . to allow [jail] officials to take appropriate responsive

20   measures."  *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting *Johnson v. Testman*,

21   380 F.3d 691, 697 (2nd Cir. 2004)); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010)

22   ("A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem

23   for which the prisoner seeks redress.").  The Sacramento County Jail's grievance regulations

24   "define the boundaries of proper exhaustion."  *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir.

25   2009).

26           The PLRA recognizes no exception to the exhaustion requirement, and the court may not

27   recognize a new exception, even in "special circumstances."  *Ross v. Blake*, 578 U.S. 632, 648

28   (2016).  The one significant qualifier is that "the remedies must indeed be 'available' to the

3

1  prisoner." *Id.* at 639.  The Supreme Court has explained when an administrative procedure is

2  unavailable:

> [A]n administrative procedure is unavailable when (despite what
> regulations or guidance materials may promise) it operates as a
> simple dead end—with officers unable or consistently unwilling to
> provide any relief to aggrieved inmates . . . .  Next, an
> administrative scheme might be so opaque that it becomes,
> practically speaking, incapable of use . . . .  And finally, the same is
> true when prison administrators thwart inmates from taking
> advantage of a grievance process through machination,
> misrepresentation, or intimidation . . . .  [S]uch interference with an
> inmate's pursuit of relief renders the administrative process
> unavailable.  And then, once again, § 1997e(a) poses no bar.

10  *Id.* at 643-44 (citations omitted); *see also Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir.

11  2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is

12  deemed to have exhausted available administrative remedies.").  If the court concludes that

13  plaintiff has failed to exhaust available remedies, the proper remedy is dismissal without

14  prejudice of the portions of the complaint barred by section 1997e(a).  *See Jones v. Bock*, 549

15  U.S. 199, 223-24 (2007); *Lira v. Herrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

16  **Analysis**

17  It is undisputed that the Sacramento County Jail has an administrative grievance system

18  and that plaintiff neither filed nor appealed a grievance related to the conduct at issue in this case.

19  *See* ECF Nos. 40-2 & 42.  Plaintiff argues only that his failure to exhaust should be excused

20  because the grievance process was rendered practically unavailable both by his fear of retaliation

21  at the hands of sheriff's deputies and by the lack of a "write-up or rule violation report"

22  documenting the incident.  ECF No. 42 at 2.

23  "[T]he threat of retaliation for reporting an incident can render the prison grievance

24  process effectively unavailable and thereby excuse a prisoner's failure to exhaust administrative

25  remedies."  *McBride v. Lopez*, 807 F.3d 982, 987 (9th Cir. 2015).  For this exception to apply, a

26  plaintiff must establish both (1) that he subjectively "believed prison officials would retaliate

27  against him if he filed a grievance" and (2) that this fear was objectively reasonable.  *Rodriguez v.*

28  *Cty. of Los Angeles*, 891 F.3d 776, 792 (9th Cir. 2018).

4

1      Plaintiff explains that he suffered "intimidation by the sheriff deputies" and that the

2  "video footage . . . shows clearly that [he] was attacked and assaulted unprovoked."  ECF No. 42

3  at 1.  He elaborates that he was "slammed to the floor, restrain[ed,] twisted up until [he] could no

4  longer breath[e,] then tasered [two] times for [five] seconds each, with no resisting or cause."  *Id*.

5  at 3.[2]  In light of his attestation that he did not report the incident out of fear that he "probably

6  would have been killed," ECF No. 47 at 4, plaintiff has provided facts sufficient to show, for

7  purposes of summary judgment, that he "could have believed the guards bore him considerable

8  hostility," *McBride*, 807 F.3d at 998, and therefore harbored a subjective fear of retaliation.

9      However, to establish that his fear was objectively reasonable, plaintiff must provide

10  specific facts from which to find that "a reasonable prisoner of ordinary firmness would have

11  believed that the prison official's action communicated a threat not to use the prison's grievance

12  procedure." *Rodriguez*, 891 F.3d at 792.  The fact of being assaulted or beaten by sheriff's

13  deputies does not satisfy this burden; if it did, "any hostile interaction between a prisoner and

14  prison officials would render the prison's grievance system unavailable." *McBride*, 807 at 987.

15  Plaintiff identifies neither a statement by deputies that could be interpreted as a threat of future

16  retaliation nor specific prior instances of retaliatory conduct.  At most, in his supplemental

17  opposition, he states that "[he] probably would have been killed if [he] wanted to be a whistle

18  blower [because] deputies are known for beating up inmates all the time and without

19  repercussions or accountability." ECF No. 47 at 5.  Without more, such "general and

20  unsubstantiated fears about possible retaliation," *Rodriguez*, 891 F.3d at 794, cannot establish that

21  plaintiff's fears were objectively reasonable.  *See McBride*, 807 F.3d at 987 (holding that a

22  prisoner who was assaulted by guards, who then made threatening statements, nevertheless failed

23  to show an objectively reasonable fear of retaliation because "the statements themselves ma[de]

24  no reference to a grievance or to anything else, beyond the preexisting hostility, that might trigger

25  a future attack on the part of the guards").

26

27      [2] Surveillance video submitted by both parties appears to corroborate this account.  *See*
ECF No. 47 (video file "BK37 Male Holding Tank 3(1)").  Defendants also do not dispute

28  plaintiff's characterization.  ECF No. 48 at 2.

Plaintiff also argues that the failure—by defendants or other jail officials—"to provide any documentation about the incident" constituted a "conspir[acy] to hide and manipulate facts" and should therefore excuse his failure to exhaust. ECF No. 47 at 1, 3-4. In his deposition, plaintiff explained that "you have to have supporting documentations [sic] in order to file a grievance." ECF No. 40-4 at 110. As with plaintiff's retaliation argument, however, he does not provide sufficient factual support for this argument: for instance, he does not claim that he was prevented from filing a grievance or that a filed grievance was rejected on the basis that he lacked documentation; nor does he identify any supporting authority—such as any authority in the Sacramento County Jail handbook or California regulatory code. *See generally* ECF Nos. 42 & 47. Since plaintiff has not pointed to adequate evidence that the grievance system was incapable of use, he has not shown that his failure to exhaust should be excused. *Cf. Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (holding that a plaintiff met her burden of showing that further appeals were not available by attesting that two prison officials expressly refused to file her appeals).

Accordingly, it is hereby ORDERED that:

1. Defendant's motion for summary judgment, ECF No. 40, is granted.

2. Plaintiff's claims are dismissed without prejudice.

3. Plaintiff's motion to compel, ECF No. 45, is denied.

4. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:    May 6, 2022

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE